

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN 11, TEXAS

R-598

PRICE DANIEL
ATTORNEY GENERAL

July 2, 1947

Honorable F. E. Mitchell
County Attorney
Callahan County
Baird, Texas

Opinion No. V-293

Re: Construction of H.B.
501, Acts of the 50th
Legislature, 1947,
relative to travel al-
lowances of sheriffs
and their deputies.

Dear Sir:

Your letter requesting an opinion from this
Department on the above subject matter is as follows:

"House Bill No. 501 of the recent ses-
sion of the 50th Legislature provides:  'The
County Commissioners Courts of this State
are <u>directed</u> to supply and pay for trans-
portation of sheriffs of their respective
counties and their deputies to and from
points within this state, under one of the
four (4) following sections:'  (Alternative
methods being set out in said sections).

"The question has arisen with respect
to transporation to be allowed the sheriff
of Callahan County as to whether or not the
word 'directed' used in the bill makes it
mandatory upon the court to make such allow-
ances for such transportation.  The Caption
of the bill uses the word 'authorizing',
which might indicate that it was not intended
to be mandatory.  Your opinion construing the
bill, as regarding whether or not its provis-
ions are mandatory will be appreciated."

The title of House Bill 501, Acts of the 50th
Legislature, 1947, Vernon's Session Law Service, page 357,
provides as follows:

"AN ACT authorizing County Commissioners
Courts to compensate sheriffs and their depu-
ties for transporation or furnish adequate

transportation within the State; and de-
claring an emergency."

The body of the Bill need not be quoted be-
cause the portions material to this inquiry are stated
in your request.

We quote the following from Sutherland on
Statutory Construction 3rd edition, Sec. 5003.

"Logically the events occurring immedi-
ately prior to the enactment of the statute
ought to be a most lucrative source for in-
formation indicative of the legislative in-
tent embodied therein. Therefore, the
history of the measure during its enactment,
that is, during the period from its intro-
duction in the legislature to its enactment,
has generally been the first extrinsic aid
to which courts have turned in attempting to
construe an ambiguous act."

With the above rule in mind we searched the
records of the Secretary of State's office and found the
following facts relative to the enactment of H. B. 501.
Section 1 of H. B. 501, as introduced, read in part as
follows:

"The County Commissioners Courts of
this State are authorized and directed to
. . ."

On April 9, 1947, the House amended the bill
by deleting the words "and directed". On April 23, 1947,
the Senate amended the bill by striking out the words
"are authorized" and substituting therefor the words "are
directed." The bill was then adopted by the Senate and
sent back to the House. The House concurred in Senate
amendments April 23, 1947, and House Bill 501 was filed
without the Governor's signature May 14, 1947.

It is readily apparent that it was the Legisla-
ture's intention by adopting the Senate's amendment of
April 23rd, to make the provisions of H. B. 501 mandatory.
The words "direct" or "directed" are generally construed
to be mandatory. 12 Words and Phrases (Perm. Ed.) 442,
468; 26 C.J.S. 1316.

We deem it pertinent to quote the following well settled rules of statutory construction:

"An Act should be given a fair, rational, reasonable and sensible construction, considering its language and subject matter with a view of accomplishing the legislative intent and purpose. In other words, construction should comport with common sense and justice, and irrational conclusions or deductions should be avoided." 39 Tex. Jur. 172, 173.

"Primarily the intention and meaning of the Legislature must be ascertained from the language of the statute as a whole, that is, from the entire context of the law." 39 Tex. Jur. 176, 177.

"Doubtless a court will have regard to the language used in a statute or provision thereof in determining whether it is mandatory or merely directory. Words of permissive or mandatory character will ordinarily be given their natural effect, but when there is room for construction permissive words will be given a mandatory significance or mandatory words will be held to be directory as appears to be necessary to effectuate the legislative intent.

"The words 'may' and 'shall' are frequently used interchangeably, and the use of one or the other of these words in a statute is not conclusive of the question whether it should be construed as mandatory or discretionary. Ordinarily, 'shall' or 'must' is of mandatory effect; but a statute is sometimes held to be directory notwithstanding the use of the word 'shall.' Thus where no right or benefit depends upon its imperative use, the word 'shall' is held to be merely directory and as having been used in the sense of 'may.' On the other hand, 'may' ordinarily connotes discretion or permission; and it will not be treated as a word of command unless there

is something in the context of subject-
matter of the act to indicate that it was
used in that sense." 39 Tex. Jur. 36, 37.

In view of the foregoing it is our opinion
that House Bill 501 is mandatory, and the Commissioners'
Court must determine under which subdivision of the Act
it will furnish the sheriff and his deputies transporta-
tion.

We wish to call to your attention that House
Bill 501 passed the House originally April 9, 1947, by
112 Yeas and 4 Nays. It was amended by the Senate and
passed April 23, 1947, by 24 Yeas and 0 Nays, and the
House concurred in Senate Amendments April 23, 1947, by
69 Yeas and 52 Nays.

Article III, Section 39, of our State Constitu-
tion provides:

"No law passed by the Legislature, ex-
cept the general appropriation act, shall
take effect or go into force until ninety
days after the adjournment of the session
at which it was enacted, unless in case of
an emergency, which emergency must be ex-
pressed in a preamble or in the body of the
act, the Legislature shall, by a vote of
two thirds of all the members elected to
each House, otherwise direct; said vote to
be taken by yeas and nays, and entered upon
the journals."

In the case of ex parte May, 118 Tex. Cr. R. 165,
40 S. W. 2d 811, the Court of Criminal Appeals held that a
substitute bill different from the original bill and not
passed by a record vote showing concurrence of two-thirds
of the Legislature was ineffective as an emergency measure
and that the power to make an emergency measure must be
exercised when the Legislature becomes aware of the terms
contained in the bill as finally agreed upon and passed.
This case was followed by the Supreme Court of Texas in the
case of Caples v. Cole, 129 Tex. 370, 102 S.W.2d 173, where-
in the Supreme Court said:

"In the May Case the Court of Criminal
Appeals held, in substance, that a substitute
bill, different from the original bill, and

not passed by a record vote showing con-
currence of two-thirds of the legislature,
was ineffective as an emergency measure;
and that the power to make an emergency
measure must be exercised when the Legis-
lature becomes aware of the terms contained
in the bill as finally agreed upon and
passed.  The Court of Civil Appeals followed
the rule announced by the Court of Criminal
Appeals in the May Case, and held that the
vote upon the amendments, and not the vote
upon the original bill, would control . . .

"It is clear that the object of the
provision of the Constitution above quoted
is that if a bill is to take effect immedi-
ately on its passage, it must contain an
emergency clause and such bill must be
passed by a vote of two-thirds of all the
members elected to each house, and such
vote to be taken by yeas and nays and
entered upon the journals.  We think the
rule prescribed by the Constitution also
applies to amendments and reports of con-
ference committees . . ."

In view of the foregoing, House Bill 501, Acts
of the 50th Legislature, 1947, will become effective on
September 5, 1947, (ninety days after date of adjourn-
ment of the 50th Legislature.)

### SUMMARY

The provisions of H. B. 501 (50th
Leg., 1947, providing the manner of
compensation to sheriffs and their depu-
ties for transportation, are mandatory,
H. B. 501 not having passed with the
necessary 2/3 vote of each House, will
become effective on September 5, 1947,
(ninety days after date of adjournment of
the 50th Legislature.)

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED:

*Price Daniel*
ATTORNEY GENERAL

JR:djm:mw

By *John Reeves*
John Reeves
Assistant